STATE OF NEW JERSEY, IN THE INTEREST OF
D.A.M., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 14, 1975—Decided January 27, 1975.

Before Judges HALPERN, CRAHAY and ACKERMAN.

*Mr. Stanley C. Van Ness,* Public Defender of New Jersey, attorney for appellant (*Mr. Thomas A. Pavics,* Assistant Deputy Public Defender, on the brief).

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Mr. Robert L. Martin,* Assistant Prosecutor, of counsel).

PER CURIAM. The juvenile, D. A. M., was adjudged a delinquent when he was found guilty by the trial judge of having committed an armed robbery. His motion for a new trial was denied, and he was sentenced to a suspended indeterminate term to the Youth Reception and Correction

Center at Yardville upon the condition that he attend Highfields.

He argues on this appeal that the adjudication of delinquency be reversed because:

Point I    The court's consideration of the juvenile's failure to testify at the hearing as evidence of guilt violated the juvenile's Fifth and Fourteenth Amendment right to remain silent and was plain error.

Point II   The court's undue participation in the conduct of the hearing and its prejudgment of the case deprived the juvenile of a fair and impartial trial.

We find no merit in the arguments advanced under Point II. The trial judge in this case properly exercised his discretionary power to interrogate witnesses when he had cause to doubt their veracity and sought to obtain a better understanding of the confusing testimony of defendant's mother, brother and other State witnesses. *State v. Riley,* 28 *N. J.* 188 (1958), app. dism. 359 *U. S.* 313, 79 S. Ct. 891, 3 L. Ed. 2d 832 (1958), *cert.* den. 361 *U. S.* 879, 80 S. Ct. 166, 4 L. Ed. 2d 117 (1959) ; *State v. Ray,* 43 *N. J.* 19 (1964) ; *Della Salla v. Hackensack Parking Authority,* 30 *N. J. Super.* 534 (App. Div. 1954).

However, we find merit in the arguments made under Point I, and reverse. At the trial the victim, Edward Roper, was the State's only witness, he testified that defendant was one of two men who had robbed him during the early evening of February 24, 1973. While defendant did not testify, his mother and sister-in-law testified that he was at his mother's home during the time the robbery allegedly occurred.

We should also note, at this point that on the motion for a new trial defendant's brother Dennis testified that he and Roy Bennett had robbed Roper and that defendant was not involved. Dennis had pled guilty to robbing Roper, but the charges against him were dropped when he pled guilty to other crimes while confined to jail. In addition, Jessie Moore, who was unrelated to defendant, testified that he was

with defendant at defendant's mother's home when the alleged robbery occurred.

▉▉ In the process of rendering his oral opinion at the original hearing the trial judge said:

> I also must take note of the fact that the juvenile has not taken the stand to deny any of the allegations in this matter and even though we cannot mention to a jury, I am sure the jury would have that in mind as to why an individual doesn't deny any of the allegations made in a particular case.

There was no objection to the trial judge's remarks by counsel for defendant. Therefore, this ground of appeal will not be considered unless it qualifies as plain error, that is, the legal impropriety of the trial judge's finding prejudicially affected the substantial rights of defendant and was sufficient grievous to justify notice by us and to convince us that of itself the error possessed a clear capacity to bring about an unjust result. *R.* 2:10–2; *State v. Edge,* 57 *N. J.* 580, 588–589 (1971); *State v. Williams,* 39 *N. J.* 471 (1963), *cert.* den. 374 *U. S.* 855, 83 S. Ct. 1924, 10 L. Ed. 2d 1075 (1963). The fact that a Juvenile Court judge sits without a jury does not give him *carte blanche* to comport himself other than with judicial self-restraint. *Band's Refuse Removal, Inc. v. Fair Lawn,* 62 *N. J. Super.* 522 (App. Div. 1960), certif. den. 33 *N. J.* 387 (1960).

▉ ▉ Our concern here is to afford defendant the same due process standards as is given to adults. *In re Gault,* 387 *U. S.* 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1968). Accordingly, we must enforce and apply the long established doctrine that an accused has the constitutional right to remain silent, and any comment suggesting that an adverse inference may be drawn from such silence, absent a clear showing of harmless error, requires a reversal. *Griffin v. California,* 380 *U. S.* 609, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965); *Malloy v. Hogan,* 378 *U. S.* 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964); *State v. McElroy,* 96 *N. J. Super.* 582 (App. Div. 1967), certif. den. 53 *N. J.* 512 (1969).

We have carefully considered the aforementioned statement of findings by the trial judge and can reach no other logical conclusion but that he took into account defendant's failure to testify in determining guilt contrary to the philosophy pronounced in *Griffin, supra.* Our opinion is fortified by the fact that when he denied defendant's motion for a new trial he again referred to the fact that defendant, although given the opportunity at the original trial to testify, failed to do so. We would be naive not to realize that even when juries are instructed that it is a defendant's constitutional right to remain silent, and that his silence should play no part in their deliberations, that some juries do and will take his silence into account when weighing credibility. However, in a nonjury case we would expect a trial judge to adhere to the mandate in *Griffin* and by his comments and findings not leave the issue open to doubt. When the trial judge here said, "I also must take note of the fact that the juvenile has not taken the stand to deny any of the allegations in this matter * * *," we are of the definite impression that since he was the fact finder, instead of a jury, that he also was taking defendant's silence into account.

Finally, as previously indicated, the State's case rested entirely upon Roper's identification of defendant. In light of the alibi witnesses produced by defendant at his trial, and on his motion for a new trial, including his brother's admission of guilt, we are unable to say that the trial judge's statement and findings were incapable of producing an unjust result, or that they were harmless error.

Reversed and remanded for a new trial.